# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 24-MJ-978 |
| MATTHEW JOHN HAWKINS | : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The United States of America, by and through Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Nicholas E. Freeman, Special Assistant United States Attorney for the District, respectfully moves this Honorable Court to detain the defendant prior to trial. The defendant, MATTHEW JOHN HAWKINS, was arrested on June 13, 2024, in the Eastern District of Pennsylvania (EDPA) following a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) investigation, based out of the Southern District of Ohio (SDOH).  This investigation stemmed from the defendant's alleged involvement in a September 26, 2021, outlaw motorcycle gang related shooting/homicide incident which occurred at or near the former Thug Riders Motorcycle Club (TRMC) clubhouse located in Harrison Twp., Montgomery County, (Dayton,) Ohio.

The defendant has been charged with a single count of assault with a dangerous weapon and assault resulting in serious bodily injury in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(3) and 2.   If convicted, he faces a possible term of 20 years' of imprisonment, and an estimated sentencing guideline range of 240 months' imprisonment.[1]   The Government

---

[1] According to USSG §2E1.3(a)(2), Application Note 1, the federal crime most analogous to the relevant predicate Ohio criminal offense would appear to be 18 U.S.C. §924(j)(2).  As such, with the Defendant's estimated CHC of

respectfully submits that, for the reasons detailed below, he should be detained prior to trial

following a hearing held pursuant to 18 U.S.C. §3142(f), because no condition or combination of

conditions will reasonably assure his appearance as required and/or the safety of the community.

## I.   <u>APPLICABLE LAW</u>

Title 18 U.S.C. § 3142(g) sets forth the factors that this Court is to consider in

determining whether a person should be released or detained.  These factors are:

1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2) the weight of the evidence against the person;

3) the history and characteristics of the person, including

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Here, the defendant stands accused of crimes of violence and firearms offenses.  The

evidence against the defendant is strong, and his danger to the community is demonstrated by his

involvement in a fatal shooting, which favors detaining him until trial.

---

III, coupled with a gross offense level of 38 pursuant to USSG §2A1.2, the advisory Guideline range would be the statutory maximum sentence of 20 years.

II.     **FACTS**

    A.     **The Evidence Against the Defendant**

On June 11, 2024, a grand jury sitting in the SDOH indicted the defendant on a single count of assault with a dangerous weapon and assault resulting in serious bodily injury in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(3) and 2.   Probable cause thus exists to believe that the defendant violated this statute.  The anticipated evidence in this case clearly demonstrates the defendant's guilt.

A joint ATF/Montgomery County, Ohio Sheriff's Department investigation was launched following the September 26, 2021, shooting/homicide incident.  This investigation quickly expanded to a far more expansive inquiry to the overall activities of the TRMC. This shooting occurred in conjunction with an Annual TRMC Convention/Event that the Dayton, OH TRMC Chapter hosted over the weekend of September 24-26, 2021.  In excess of 300 TRMC members from various local chapters based in the following states attended the event: Connecticut, Illinois, Maryland, Massachusetts, Missouri, New Jersey, New York, North Carolina, South Carolina, Pennsylvania, Texas and Virginia.  The defendant is known to be an active member of TRMC in a Pennsylvania Chapter.

During the course of the evening of September 26, 2021, an incident unfolded between a group of four uninvited, non-TRMC, guests who showed up at the TRMC clubhouse located at Lodge Ave. in Harrison Twp.  One of the said uninvited guests was thereafter physically assaulted by a known TRMC member prior to all of the uninvited guests being ejected from the clubhouse and the event.  After the uninvited guests retreated to their parked vehicle, a group of approximately 8 armed TRMC members descended upon the uninvited guests' parked vehicle

and opened fire on the vehicle ultimately fatally wounding one of the uninvited male guests, (identified as ""J.C.N." in ¶21i. of the indictment) who was occupying the front passenger seat. There is no evidence to indicate any of the vehicle's occupants had any firearms or threatened any of the TRMC members attending the event.

This incident was captured by multiple commercial businesses' video surveillance cameras which surrounded the crime scene.  This video footage was subsequently seized by law enforcement authorities.  A detailed analysis of this video footage coupled with the testimony of multiple cooperating witnesses and surviving witnesses has implicated the defendant as an active shooter and overall leader/instigator in this unprovoked shooting event.

### B.    Criminal Record and the Character and Past Conduct of the Defendant

The defendant defendant's criminal history includes convictions in the State of Pennsylvania:  a 2017 conviction for Unsworn Falsification to Auth (M-2)[2]; a 2012 conviction for Conspiracy (F-2) and Robbery (F-2)[3]; and a 2010 conviction for Harassment (M-3) and Vio CS/Drug/Dev and Cosmetic Act (M).  He also had a 2024 summary case for driving while operator privileges were suspended or revoked[4].

### C.    Ties to Community and View on Law Enforcement

The defendant has no known ties to either Dayton, OH or the SDOH.

---

[2] Sentenced to 2 years' probation (CP-36-0004469-2010).
[3] Sentenced to 6 mos. to 11 months 29 days incarceration followed by3 years' probation. Probation was revoked and he was resentenced 3 times (CP-36-CR-0005172-2010).
[4] Sentenced to 60 days incarceration on 1/22/2024(CP-36-0000208-2023)

## III.   <u>CONCLUSION</u>

The factors set forth in Title 18 U.S.C. § 3142(g) weigh heavily in favor of detention.  The weight of the evidence against the defendant is overwhelming.  The defendant was involved in an extremely violent crime involving a firearm and the death of the victim.  He has a history of violence as evidenced by his conviction for robbery.  The defendant faces a possible term of 20 years' incarceration and an estimated guideline range of 240 months' imprisonment[5]. The strong evidence against him and the potential decades long sentence he faces is a strong incentive to flee. He has no known ties to the community where he committed this offense. When all these factors are viewed in light of the substantial sentence the defendant faces if convicted, it is clear that the defendant poses a significant danger to the community and poses a significant risk of flight, thus no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for the Defendant's Pretrial Detention should be granted.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

 /s *Nicholas E. Freeman*

NICHOLAS E. FREEMAN
Special Assistant United States Attorney

---

[5] The USSG range is 292-365 month.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA        :

    v.                     :        **24-MJ-978**

MATTHEW JOHN HAWKINS      :

**<u>PRETRIAL DETENTION ORDER</u>**

AND NOW, this      day of June 2024, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

    (a)    the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

    (b)    the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1.    A grand jury sitting in the SDOH indicted the defendant on a single count of assault with a dangerous weapon and assault resulting in serious bodily injury in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(3) and 2, thus there is probable cause to believe that he committed these crimes.

2.    The evidence in this case is strong.

A joint ATF/Montgomery County, Ohio Sheriff's Depart investigation was launched following a September 26, 2021, shooting/homicide incident involving members of the Thug Riders Motorcycle Club (TRMC).  This investigation quickly expanded to a far more expansive inquiry to the overall activities of the TRMC. The defendant is known to be an active TRMC of a Pennsylvania Chapter.

During the course of the evening of September 26, 2021, an incident unfolded between a group of four uninvited, non-TRMC guests who showed up at the TRMC clubhouse located at Lodge Ave. in Harrison Twp, Ohio.  An altercation occurred and the uninvited guests were ejected from the clubhouse and the event.  After the uninvited guests retreated to their parked vehicle, a group of approximately 8 armed TRMC members, including the defendant, descended upon the uninvited guests' parked vehicle and opened fire on the vehicle ultimately fatally wounding one of the uninvited male guests.  There is no evidence to indicate any of the vehicle's occupants had any firearms or threatened any of the TRMC members attending the event.

This incident was captured on video surveillance cameras which surrounded the crime scene.  A detailed analysis of this video footage coupled with the testimony of multiple cooperating witnesses and surviving witnesses has implicated the defendant as an active shooter and overall leader/instigator in this unprovoked shooting event.

3.      The nature of the defendant's crimes establishes that no condition of release, or combination of conditions, will reasonably assure the safety of the community or reasonably assure the appearance of the defendant as required.  18 U.S.C. § 3142(e).

4.      The defendant has a criminal history that includes robbery, a crime of violence.

5.      The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community, and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HON. CAROL SANDRA MOORE WELLS
United States Magistrate Judge

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing Government's Motion for

Pretrial Detention was served by electronic mail upon all counsel of record.

<u>/s *Nicholas E. Freeman*      </u>
NICHOLAS E. FREEMAN
Special Assistant United States Attorney

Dated: June 14, 2024